UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,

        Plaintiff,        Civil Action No. 15-13824
                              Honorable Paul D. Borman
                              Magistrate Judge David R. Grand
v.

JAMES CHRISTENSEN PROPERTIES
and MUFFLER MAN SUPPLY CO.

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT [9]

**I.    RECOMMENDATION**

*Pro se* plaintiff Kevin Scott ("Scott") commenced this action against defendants James Christensen Properties ("JCP") and Muffler Man Supply Company ("Muffler Man") (collectively "defendants") for violations of 42 U.S.C. § 1981, breach of contract, and promissory estoppel. Before the Court is defendants' motion to dismiss the complaint. [9]. Scott filed a response, to which defendants filed a reply. [11, 12]. The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [4]. For the following reasons, the Court RECOMMENDS that defendants' motion [9] be GRANTED.

**II.    REPORT**

    **A.    Background**

The underlying dispute is difficult to discern because of the sparse factual allegations contained in the complaint. Taken together, it appears that Scott entered into a dealer and sub-lease agreement with Muffler Man, a corporation owned by James Christensen ("Christensen").

[1 at 3; 9, Ex. A at ¶ 3].  At some point, Scott alleges that defendants breached these agreements after he paid them "for over 2 ½ years" and defendants claimed they never signed the agreements. [1 at ¶ 9].  Defendants' motion contains the following summary of the "pertinent facts," which Scott does not dispute:

> On October 27, 2010, Plaintiff filed a Complaint for breach of contract in the Wayne County Circuit Court.  Plaintiff named Defendant James Christensen as a Defendant along with Robert Bernhoft, the President of Muffler Man Supply Co.  On July 10, 2012, the Wayne County Circuit Court granted Defendant's Summary Disposition of Plaintiff's Complaint.  Plaintiff filed a Motion for Reconsideration in the trial court, which was denied.  Plaintiff then appealed to the Michigan Court of Appeals, which denied his appeal.  Plaintiff subsequently filed a Motion to Reconsider that ruling, which motion was also denied.  Plaintiff then filed for Leave to Appeal to the Michigan Supreme Court, which leave was denied.  A final Motion to Reconsider this ruling was subsequently filed, but it was denied by the Michigan Supreme Court on September 29, 2015.

[9 at 3].  A month later, Scott filed the instant lawsuit under the apparent impression that he could re-litigate the dismissed state court action in federal court.  He notes that, "[a]fter exhaustion of administration remedies in State Court, Appeal Court, and Michigan Supreme Court [sic].  Plaintiff bring [sic] this action to the Federal Court." [1 at ¶ 1].  Scott references 42 U.S.C. § 1981 as his basis for invoking federal question jurisdiction, though he does not elaborate on the substance of this claim.  [*Id.* at ¶ 2].  However, on the Civil Case Cover Sheet that Scott filed with the Clerk's Office, he not only indicates that his complaint raises a "Federal Question," but that the nature of the suit is for "contract" and the pertinent causes of action are for "Breach of Contract" and "Promissory Estoppel." [*Id.* at Pg. ID 5].

In their motion to dismiss the complaint, defendants argue that the Court does not have subject-matter jurisdiction over Scott's claims.  Defendants specifically contend that the Court lacks federal question jurisdiction because Scott "has not pled any theory as to how the provisions of 42 U.S.C. [§] 1981 applied to the facts of his particular case." [9 at 5].  They also

maintain that the Court lacks diversity jurisdiction because there is not complete diversity of citizenship among the parties.[1] [*Id.* at 4].

### B. Legal Standard

Fed. R. Civ. P. 12(b)(1) authorizes a party to challenge the court's subject-matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions the sufficiency of the pleadings, taking all allegations in the complaint as true. *Id.* Conversely, in a factual attack, there is no presumptive truthfulness. *Id.* The Court may consider matters outside of the pleadings and weigh conflicting evidence to determine whether subject-matter jurisdiction exists. *Id.* Under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### C. Analysis

Federal courts are courts of limited jurisdiction; for a case to be brought in federal court, there must exist "subject matter jurisdiction," which is generally established either by way of a federal question (e.g., a claim for relief brought under a particular federal statute) or diversity of citizenship among the parties (with greater than $75,000 in controversy). *See*, 28 U.S.C. §§ 1331, 1332. Here, Scott can establish neither "federal question" nor "diversity" jurisdiction.

---

[1] Defendants note that, "it appears that Plaintiff is treating this filing in the Federal District Court as being the next level of review of the dismissal of his case by Wayne County Circuit Court . . . [h]owever, automatic appellate review of a state court action is not within the limited jurisdiction granted to the federal courts." [9 at 5]. To the extent this argument may be construed as an additional ground to dismiss Scott's claims under the *Rooker-Feldman* doctrine, the Court declines to address this issue in light of the proposed disposition of this matter on other jurisdictional grounds.

3

*1.     Federal Question Jurisdiction*

As Scott is proceeding *pro se*, the Court will afford his complaint more leniency than a complaint drafted by an attorney, and it will therefore liberally construe the allegations in his complaint in determining whether it has federal question jurisdiction over his claims under 28 U.S.C. § 1331.  *See West v. Adecco Empl. Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (complaints of *pro se* litigants construed with leniency).  Such jurisdiction is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007).  Here, even construing Scott's allegations liberally, he has failed to establish the existence of a federal question.

In his complaint, Scott alleges causes of action for breach of contract and promissory estoppel, none of which involve a question of federal law. *See Jackson v. Michigan*, No. 13-14219, 2013 U.S. Dist. LEXIS 161508, at *3 (E.D. Mich. Nov. 13, 2013) (stating that causes of action for breach of contract "do not fall within the Court's subject-matter jurisdiction because no federal question is raised . . ."); *Hughes v. Miami Jacobs Career College*, No. 11-632, 2011 U.S. Dist. LEXIS 104058, at *7 (S.D. Ohio Sep. 14, 2011) ("Nor does this Court have federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff appears to plead only state-law . . . promissory estoppel claims.").

His complaint's mere reference to 42 U.S.C. § 1981, which "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors," *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006), is not sufficient to state a claim for relief.  To state a claim for relief under Section 1981, a plaintiff must allege that: "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their

4

race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Id.* Here, Scott's complaint fails to plead any of these elements since it omits any allegations whatsoever concerning whether he belongs to a protected racial class, how defendants intentionally discriminated against him on account of his race, or how such conduct violated his right "to make and enforce contracts . . . ." 42 U.S.C. § 1981(a). Therefore, without asserting a sufficient factual basis to raise a question of federal law, the Court does not have jurisdiction to entertain Scott's claims under 28 U.S.C. § 1331.

        2.      *Diversity Jurisdiction*

Scott's assertion that the Court also has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332 is also lacking in merit. Under the portion of that statute relevant to this case, the Court has jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To invoke jurisdiction under this statute, there must be "complete diversity," meaning that no defendant may be a citizen of the same state of which plaintiff is a citizen. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 437 (1996)). Scott cannot establish such complete diversity here.

In his complaint, Scott avers that he "reside[s]" in Farmington Hills, Michigan. [1 at ¶ 5]. As to the defendants, he merely states that they "may be served with process" upon their "registered agent" (JCP) and "agent" (Muffler Man) at 4129 Holiday Dr., Flint, Michigan. [1 at ¶¶ 6-7]. Attached to their motion to dismiss, defendants provide evidence bearing on their citizenship. [9 at 10-11]. First, Christensen supplied an affidavit in which he avers that JCP is his registered d/b/a, and that he has resided in Michigan "for most of his adult life." [9 at 10, ¶¶

5

1-2]. He also avers that Muffler Man is a Michigan corporation (having been organized under the laws of Michigan) and has its principal place of business in Michigan. [*Id.* at 10-11, ¶¶ 3-4]. Attached as a separate exhibit to defendants' motion is Muffler Man's Articles of Incorporation, showing that it was incorporated in the State of Michigan. [9 at 12-15].

In his response brief, Scott maintains that Christensen "lived at least 6 months out of a year in Florida" and maintains a "residence" in Florida, apparently implying that both Christensen and his d/b/a, defendant JCP, are citizens of Florida. [11 at 9-11]. Scott also maintains that Christensen owns Muffler Man retail locations in "Michigan, Ohio, Florida, and Georgia [and] therefore the Corporate Defendant Muffler Man Supply Co. is a resident of several states." [11 at 9]. Scott's arguments are flawed in numerous respects.

The Court first notes that both parties err by focusing on their respective "residencies"; diversity is determined by examining the parties' "citizenship," which can be different than their "residences." *Lang v. Madison*, 2013 WL 2103145, at *3 (E.D. Ky. May 14, 2013) ("Allegations of residency alone are generally insufficient to establish 'citizenship' for the purposes of diversity jurisdiction." (citing *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002)); *Deasy*, 47 Fed. App'x at 728 ("To establish the 'citizenship' required for diversity jurisdiction, [plaintiff] must show more than mere Tennessee residence. He must show that Tennessee is his domicile."). An individual is a citizen of the state in which he maintains his "domicile," and to "acquire a domicile within a particular state, [he] must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy*, at 728.

Here, the record evidence before the Court makes clear that diversity of "citizenship" is lacking in this case. For one, on his Civil Cover Sheet, Scott represented to the Court that he,

6

and at least one of the defendants, are "Citizen[s] of This State" – i.e., Michigan. [1 at 5].

With respect to Christensen's citizenship, Scott selectively cites from deposition transcripts in the earlier state court action, where Christensen allegedly acknowledged living in Florida for approximately six months a year. [9 at 10]. But at most, this shows that Scott had more than one "residence," which, as noted above, does not answer the question of his "domicile" or "citizenship." *Sprayregen v. Mangiameli*, 2016 WL 264934, at *2 (E.D.N.Y. Jan. 21, 2016 ("Although a person may have multiple residences, he can only have one domicile at any given time."). Scott himself attached Christensen's prior deposition testimony in which Christensen testified that he *permanently resides* in Clio, Michigan, and Christensen appended a sworn affidavit to defendants' motion confirming his residence in this state. [*Id.*, Ex. A. at Pg. ID 59; *see* 9, Ex. A at ¶ 2]. Taken together, this unrebutted evidence at least arguably demonstrates that Christensen maintains his "domicile," i.e, his "permanent residence," in Michigan, and thus is a Michigan citizen. *Deasy*, at 728.

However, even assuming Christensen is a citizen of Florida, diversity of citizenship would still be lacking because Scott failed to rebut defendant Muffler Man's Michigan citizenship as evidenced by its incorporation under the laws of that state. [9, Ex. A. at Pg. IDs 32-35]. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated . . ."). Consequently, because both Scott and Muffler Man are citizens of Michigan, complete diversity of citizenship does not exist between the parties, and the Court lacks subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion to

7

dismiss the complaint **[9]** be **GRANTED**.

Dated: February 23, 2016  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

8

Dated:  February 23, 2016