UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,                                    Case No. 15-cv-13824

        Plaintiff,                          Paul D. Borman
v.                                              United States District Judge

                                                David R. Grand
JAMES CHRISTENSEN PROPERTIES,                   United States Magistrate Judge
and MUFFLER MAN SUPPLY CO.,

        Defendants.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE DAVID R. GRAND'S REPORT AND RECOMMENDATION (ECF NO. 13), (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 9), and (4) DISMISSING PLAINTIFF'S COMPLAINT

On February 23, 2016, Magistrate Judge David R. Grand issued a Report and Recommendation to grant Defendants' motion to dismiss. (ECF No. 13, Report and Recommendation.) Plaintiff has filed Objections to the Report (ECF NO. 14) and Defendants have filed a Response to the Objections (ECF No. 15). Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES the Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, and GRANTS Defendants' motion to dismiss (ECF No. 9).

I.     BACKGROUND

The Magistrate Judge sufficiently described the background of Plaintiff's breach of contract/promissory estoppel claims in his Report and the Court adopts that summary here. Report 1-3. Plaintiff states in his Complaint that he has filed his action in this Court "after exhaustion of

administrative remedies in State Court, Appeal Court, and Michigan Supreme Court." Compl. ¶ 1. Plaintiff claims that Defendants made contractual promises to him regarding an alleged Muffler Man dealership. His claims were rejected at all levels in state court and he now seeks to have his claims heard in this Court.

## II.     STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific

objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III.  ANALYSIS

Plaintiff's Objections are merely a restatement of arguments he placed before the Magistrate Judge in response to Defendants' motion to dismiss. The Objections fail to direct the Court to the source of the Magistrate Judge's alleged error. In any event, Plaintiff's Objections fail to suggest any error, either factual or legal, that would require this Court to reject the Magistrate Judge's Report and Recommendation.

Federal courts are courts of limited jurisdiction and have only such jurisdiction as defined by Article III of the United States Constitution and as granted by Congress. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."). Federal district courts have original jurisdiction over: (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction"), and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). This Court is obligated to consider *sua sponte* in every case whether it has subject matter jurisdiction over an action and to dismiss an

3

action if at any time it finds that it lacks subject matter jurisdiction over the action. "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). *See also* Fed. R. Civ. P. 12(h)(3). Because Plaintiff can establish neither a federal question nor complete diversity of citizenship, this Court lacks subject matter jurisdiction over his Complaint.

"A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution.'" *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006) (alterations in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Plaintiff's Complaint asserts two claims, one for breach of contract and one for promissory estoppel, neither of which involves a question of federal law. Plaintiff refers to 42 U.S.C. § 1981 as a basis for his claims, but he fails to allege any facts that would conceivably bring his claims within the protections of that statute. He does not allege, either in his Complaint or in his Objections, that he is a member of any protected racial class, he does not allege that membership in this class was the basis for the Defendant's actions or that Defendant's discriminatory conduct based on his membership in such a class violated his right to enter into or enforce a contract. Plaintiff has not alleged facts establishing that this Court has federal question jurisdiction over this action under 42 U.S.C. § 1981.

Alternatively, Plaintiff suggests that the Court has diversity jurisdiction over this action. 28 U.S.C. § 1332 authorizes this Court to exercise diversity jurisdiction only when there is complete diversity of citizenship, such that no plaintiff and no defendant are citizens of the same state. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). In his Objections, Plaintiff argues that Defendant

Christensen lives in Florida six months of the year and therefore suggests that diversity of citizenship exists. Plaintiff ignores the fact that, regardless of Christensen's citizenship, Defendant Muffler Man is a Michigan citizen and thus complete diversity of citizenship is lacking. The Magistrate Judge correctly concluded that because Plaintiff and Defendant Muffler Man are both citizens of the State of Michigan, complete diversity does not exist and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

## IV.   CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's Objections, ADOPTS the Report and Recommendation (ECF No. 13), GRANTS Defendants' motion to dismiss (ECF No. 9) and DISMISSES Plaintiff's Complaint.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 4, 2016.

s/Deborah Tofil
Case Manager